# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DON CHRISTENSEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:18-CV-00511-TCK-JFJ |
| TRIUMPH AEROSTRUCTURES – TULSA, LLC | ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Before the Court is the Motion to Dismiss Plaintiff's Petition pursuant to Fed. R. Civ. P. 12(b)(6), filed by Defendant Triumph Aerostructures – Tulsa, LLC ("Triumph") Doc. 11. Plaintiff Don Christensen opposes the motion. Doc. 12.

**I. Procedural Background**

Plaintiff Don Christensen, a former Triumph employee, sued Triumph in Tulsa County, Oklahoma, District Court on September 5, 2018, alleging claims of discrimination based on disability in violation of the Americans with Disabilities Act of 2008 ("ADA"), as amended by the ADA Amendments Act ("ADAAA"), and the Age Discrimination in Employment Act of 196 as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"). Petition, Doc. 2-2. Triumph removed the case to federal court on October 3, 2018, pursuant to 28 U.S.C. §§ 1331, 1441(a)—federal question jurisdiction. Notice of Removal, Doc. 2.

In the pending motion, Triumph asserts that Plaintiff's claims are subject to dismissal because he failed to timely exhaust the administrative process with the Equal Employment Opportunity Commission ("EEOC"), as required by 42 U.S.C. §2000e-5(e)(1), and—after

receiving a Notice of Right to Sue from the EEOC—failed to file his lawsuit within 90 days, as required by 29 U.S.C. §626(e), 29 C.F.R. §1601.28(e)(1) and 42 U.S.C. §2000e-5(f)(1).

Citing *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), Plaintiff argues he properly exhausted the administrative process by completing and submitting his General Intake Questionnaire to the EEOC on August 21, 2017, via certified mail.

## II. Allegations of the Complaint

Plaintiff's state court petition alleges he was terminated by Triumph on October 31, 2016. Doc. 2-2, Petition, ¶34. He filed his charge of discrimination on October 18, 2017. Doc. 11-1, EEOC Notice. On November 6, 2017, Plaintiff filed a perfected Charge with the EEOC alleging age and disability discrimination and retaliation against Triumph. Doc. 11-2, EEOC Charge. The EEOC served its Notice and Right to Sue on Plaintiff's attorneys on June 6, 2018. Doc. 11-3. The notice gave Plaintiff a deadline of 90 days from receipt of the notice—*i.e.*, until September 4, 2018—to file his ADA and ADEA claims in federal or state court. *Id.*

Plaintiff filed his Petition in Tulsa County District Court on September 5, 2018—91 days after issuance of the Right to Sue letter. The Petition asserts claims for discrimination and retaliation pursuant to the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, as amended by the ADA Amendments Act ("ADAAA"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). Triumph removed the case to federal court, and subsequently filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), alleging that Plaintiff had failed to exhaust the required administrative process and timely file his claims, and therefore, his claims for retaliation and discrimination were time-barred. Docs. 2, 11.

On February 28, 2019—after briefing on the Motion to Dismiss was complete—Triumph filed its Amendment to its Motion to Dismiss. Doc. 18. In the Amendment, Triumph advised the

2

Court of the Tenth Circuit's opinion in *Lincoln v. BNSF Railway Company*, 900 F.3d 1166 (10th Cir. 2018), which overruled long-standing precedent that administrative exhaustion is a jurisdictional prerequisite to suit and submits the complaint to dismiss under Fed. R. Civ. P. 12(b)(1). However, it argues the Complaint is still subject to dismissal for failure to state a claim because it is clear, from the face of the Complaint, that Plaintiff failed to exhaust his administrative remedies.

## III. Analysis

The Tenth Circuit has held that it is appropriate to resolve a statute of limitations defense on a Rule 12(b)(6) motion "when the dates given in the complaint make it clear that the right sued upon has been extinguished." *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (internal quotation marks omitted); *see also Wei v. Univ. of Wyoming*, --- Fed. Appx. ---, 209 WL 117081 (10th Cir. 2019).

The appellate court has stated that, in light of *Lincoln*, the "distinction between a jurisdictional requirement and an affirmative defense is immaterial," and that "[t]he characterization is important . . . only when the defendant has waived or forfeited the issue[.]" *Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018) (quoting *McQueen v. Colo. Springs Sch. Dist. No. 11*, 488 F.3d 868, 873 (10th Cir.2007). Moreover, courts have continued to dismiss claims for failure to exhaust administrative remedies when the issue is raised as an affirmative defense. *Id.* ("[I]n light of *Lincoln*, if we agree that [Plaintiff] failed to exhaust [his] administrative remedies we may affirm the district court on alternative grounds.") (citation omitted); *O'Kane v. Mead Johnson Nutrition Co.*, 18-CV-273-CVE-FHM, 2019 WL 148667, at *3 (N.D. Okla. Jan. 9, 2019).

It is clear, based on Plaintiff's Complaint, that Plaintiff failed to timely and properly exhaust his administrative remedies. Accordingly, all claims against Triumph must be dismissed.

## IV. Conclusion

For the reasons set forth above, Triumph's Motion to Dismiss, as amended [Docs. 11, 18], is granted.

ENTERED this 31st day of July, 2019.

_____
TERENCE C. KERN
United States District Judge