UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| DON CHRISTENSEN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | Case No. 4:18-CV-00511-TCK-JFJ |
| TRIUMPH AEROSTRUCTURES – | ) |  |
| TULSA, LLC | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Before the Court is the Motion to Alter or Amend Judgment filed by the plaintiff, Don Christensen, pursuant to Fed. R. Civ. P. 59(e). Doc. 36. On July 31, 2019, the Court granted the Motion to Dismiss Plaintiff's Petition (Doc. 11) filed by defendant Triumph Aerostructures—Tulsa, LLC pursuant to Fed. R. Civ. P. 12(b)(6), finding that Plaintiff failed to exhaust his administrative remedies and failed to file this action within 90 days from issuance of the Notice and Right to Sue by the Equal Employment Opportunity Commission (EEOC). Doc. 34.

In his motion, Plaintiff argues that (1) he properly exhausted the required administrative process at EEOC and (2) he timely filed his petition after receipt of the Notice of Right to Sue.

**I. Applicable Law**

The decision of whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Hancock v. City of Okla. City,* 857 F.2d 1394, 1395 (10th Cir. 1988). A motion to reconsider "is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *Syntroleum Corp. v. Fletcher Int'l, Ltd.,* No. 08-CV-384-JHP-FHM,

2009 WL 761322, at *1 (N.D. Okla. March 19, 2009) (quoting *Maul v. Logan Cty. Bd. of Cty. Comm's,* No. CIV-05-605, 2006 WL 3447629, at *1 (W.D. Okla. Nov. 29, 2006)). A motion to reconsider may be considered on the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995)). In other words, when the court has "misapprehended the facts, a party's position, or the controlling law," a motion to reconsider is appropriate. *Id.; see Syntroleum Corp.,* 2009 WL 761322, at *1. Parties' efforts to "revisit issues already addressed or advance arguments that could have been raised in prior briefing" will not be considered. *Maul,* 2006 WL 3447629, at *1.

**II. Conversion of Original Motion to Dismiss to Motion for Summary Judgment**

Triumph's original motion was filed pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 11. However, both parties attached exhibits to their pleadings. Docs. 11, 12. Although "[a] motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6) cannot be converted into a summary judgment motion without notice and an opportunity for the parties to present relevant evidence . . . [t]he required notice may be actual or constructive, and in some circumstances, courts have concluded that the submission of evidentiary materials by the movant, the nonmovant, or both of them constitutes sufficient notice." *David v. City and Cnty. Of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996) (citation omitted). Based on both parties' submission of evidence outside the pleadings and the constructive notice occasioned thereby, the Court converts the Rule 12(b)(6) motion to a Rule 56 motion. *See Aadil v. Shurtleff*, 07-CV-34, 2008 WL 906760, at *4 (D. Utah Apr. 1, 2008) (converting motion to dismiss to one for summary judgment based on constructive notice where

both parties "submitted copies of the EEOC charges with their briefs" and neither objected to the court's consideration thereof).

**III. Rule 56 Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant bears the burden of showing that no genuine issue of material fact exists. *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006). The Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party. *Id.* However, the party opposing a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

**IV. Discussion**

**A. Exhaustion of Administrative Remedies**

Plaintiff challenges the Court's determination that he failed to timely exhaust his administrative remedies with EEOC. A plaintiff must exhaust remedies in accordance with Title VII in order to ultimately recover on a discrimination claim under Title VII. *Aspley v. Boeing Co.*, 691 F.3d 1184, 1210 (10th Cir. 2010). Accordingly, a would-be plaintiff must file a charge of discrimination with the EEOC within 180 days of the challenged employment action. 42 U.S.C. § 2000e-5(e)(1); *EEOC v. W.H. Braum, Inc.*, 347 F.3d 1192, 1196 (10th Cir. 2003). However, the statute provides for an extended 300-day filing period "in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a state or local agency with authority to grant or seek relief." 42 U.S.C. § 2000e-5(e)(1)). States that

3

have such agencies, *i.e.*, agencies that are empowered to investigate employment discrimination, are referred to as "deferral states." *See W.H. Braum, Inc.*, 347 F.3d at 1196 n. 2. Oklahoma is a deferral state. *Id. See also* 25 O.S. § 1502. Therefore, the extended 300-day filing period applies.

The purpose of administrative exhaustion is " 1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim." *Jones v. UPS, Inc.*, 502 F.3d 1176, 1185 (10th Cir. 2007) (citation omitted). A defendant bears the "burden to show that [a] plaintiff failed to timely comply with administrative prerequisites." *Johnson v. Blickman*, 155 F.Supp.2d 1245, 1246 (D. Kan. 2001)

Triumph terminated Plaintiff's employment on October 31, 2016. Doc. 2-2, Petition, ¶ 34. On August 15, 2017, Plaintiff completed an EEOC Intake Questionnaire. Doc. 12, Ex. 1. On October 18, 2017, Plaintiff filed a Notice of Charge of Discrimination with the EEOC, and on November 6, 2017, he filed a perfected Charge of Discrimination, alleging age and disability discrimination and retaliation by Triumph. Docs. 11-1, 11-2. Both the Notice of Charge of Discrimination and the perfected Charge of Discrimination were filed outside the 300-day cutoff.

In its motion, Triumph asserted that because Plaintiff failed to timely file his Charge and perfected Charge, his claims are time-barred. Citing *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008) and *Hawthorne v. Vatterott Educational Centers, Inc.*, 9-CV-442-TCK-PJC, 2010 WL 328560 (2010), Plaintiff argued that the Intake Questionnaire, which was filed before the 300-day cutoff, should be deemed his Charge of Discrimination.

The timely filing of a Charge of Discrimination with the EEOC "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." 42 U.S.C. § 2000e-5(e) (1994); 42 U.S.C. § 12117(a); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Jones v. U.P.S.*, 502 F.3d 1176,

1183 (10th Cir. 2007). After *Zipes*, the Tenth Circuit has continued to rule that exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII. *See Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996).

An EEOC intake questionnaire can, under certain circumstances, constitute a "charge" of discrimination as that term is used in 2 U.S.C. § 2000e-5(e)(1). *Holowecki*, 552 U.S.C. at 402; *Semsroth v. City of Wichita*, 304 Fed. Appx. 707, 712 (10th Cir. 2008) (adopting *Holowecki* analysis in Title VII context). A document filed with the EEOC constitutes a "charge" if it: (1) provides the minimum amount of information required by 29 C.F.R. § 1601.12, *i.e.*, contains a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of; and (2) can be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and employee. *Semsroth*, 304 Fed. Appx. at 712-13 (citing *Holowecki*).

The issue of whether the document can be construed as a request to take remedial action turns on an objective standard and not the subjective intent of the claimant, and although the EEOC's conduct following the filing of the document informs the issue, a plaintiff need not present evidence that the EEOC actually treated a document as a charge. *Id.* at 713. If an intake questionnaire is deemed a charge, the subsequent filing of a formal charge "does not nullify [the] earlier, proper charge." *Holowecki*, 552 U.S. at 406 (rejecting argument that subsequent filing of a formal charge demonstrates that a complainant did not intend to an earlier document to constitute a charge).

In this case, Plaintiff's August 15, 2017 Questionnaire is fully completed, identifies the relevant dates of events and describes the alleged acts of discrimination and adverse employment

actions. Doc. 36-1. In addition, Plaintiff attached a three-page statement further describing alleged acts of discrimination. *Id.* at 7-9.

The second requirement—that the Questionnaire can be reasonably construed as a request for the agency to take remedial action to protect the employee's rights—is also satisfied, as Plaintiff checked the box on the form that states:

> *I want to file a charge of discrimination, and I authorize EEOC to look into the discrimination I described above.* I understand that the EEOC must give the employ . . . that I accuse of discrimination information about the charge, including my name.

*Id.* at 4. As the Court has previously noted,

> This form, unlike the form at issue in *Holowecki*, forces claimants to decide whether their questionnaire is a request for the agency to take remedial action, such that courts can objectively determine whether each questionnaire is a charge of discrimination or merely a request for further information. . . . Were the Court to construe a questionnaire with the first box checked as something less than a charge, the questionnaire itself would be misleading. The questionanaire warns claimants that, by checking the second box, they could lose their rights and fail to file their charge in time. This implies that, if the first box is checked, the questionnaire is sufficient to satisfy the EEOC's timeliness requirements for any allegations contained therein.

*Hawthorne v. Vatterott Educational Centers, Inc.*, 9-CV-442-TCK-PJC, 2010 WL 3258560 at *4.

In *Holowecki*, the employer argued that plaintiff's claims were time-barred because, although she filed an intake questionnaire, along with a supplemental affidavit, within 300 days after her termination and before filing suit, she failed to file a formal charge within the 300-day period. 455 U.S. at 402, 405. The Supreme Court, however, held that the General Intake Questionnaire may be treated as a Title VII Charge of Discrimination when it contains, "[i]n addition to the information required by the regulation, *i.e.*, an allegation and the name of the charged party, if a filing is to be deemed a charge it must be reasonably construed as a request for

6

the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Id.* at 1290.[1]

Thereafter, this Court, in *Hawthorne*—citing *Holowecki* and *Semsroth v. City of Wichita*, 304 Fed. Appx. 707, 712 (10th Cir. 2008) —held that the Intake Questionnaire could be considered a "charge" because it was timely submitted, sufficiently described the actions complained of, and could be reasonably construed as a request for the agency to take remedial action to otherwise settle the dispute between the employer and employee, *Id.* at *3.

Here, as in *Hawthorne*, Plaintiff's Intake Questionnaire was timely submitted, sufficiently described the actions complained of and could clearly be construed as a request for the agency to take remedial action on his behalf. Accordingly, the Court concludes that Plaintiff timely exhausted his administrative remedies.

### B. Failure to Timely File Petition

The EEOC issued its Notice and Right to Sue letter on June 6, 2018. Doc. 11-3. The notice gave Plaintiff a deadline of 90 days from receipt of the notice to file his ADA and ADEA claims in federal or state court. *Id.*

Plaintiff asserts that the 90-day period did not commence until June 8, 2018, when his attorneys actually received the Right to Sue letter. His Petition, which was filed on September 5, 2018, contains no allegations concerning when he or his attorneys received the letter. In his response to the Motion to Dismiss, Plaintiff stated that Counsel received the Notice of Right to Sue on June 8, 2018, and argued that, therefore, the June 8, 2018 filing of the Petition was timely.

---

[1] Unlike the intake form in this case, the intake form in *Holowecki* did not include a question requiring complainants to indicate whether they were requesting the EEOC to take remedial action. *See Holowecki*, 552 U.S. at 407. After *Holowecki*, the EEOC revised the intake form, which now requires complainants to indicate whether they want to file a charge of discrimination.

He did not, however, provide any evidence supporting this claim. In his Motion to Reconsider, though, Plaintiff included a two-page exhibit of the Notice of Right to Sue, which has a stamp indicating receipt of the letter on June 8, 2018. Doc. 36-4.

In light of the additional evidence, the Court concludes that the Petition was timely filed, and accordingly, Triumph's Motion to Dismiss (Doc. 11) should have been denied.

## V. Conclusion

For the reasons set forth above, Plaintiff's Motion to Alter or Amend Judgment (Doc. 36) is hereby granted. The Opinion and Order (Doc. 34) and Judgment (Doc. 35) are hereby vacated and this case is reopened.

ENTERED this 7th day of February, 2020.

*[Signature]*

TERENCE C. KERN
United States District Judge