IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DON CHRISTENSEN,

    **Plaintiff,**

v.

    Case No. 18-CV-511-JFH-JFJ

TRIUMPH AEROSTRUCTURES-TULSA, LLC,

    **Defendant.**

## OPINION AND ORDER

This matter comes before the Court on the Motions in Limine [Dkt. No. 108], filed by Defendant Triumph Aerostructures-Tulsa, LLC ("Triumph").

Defendant seeks to exclude from evidence certain of Plaintiff's proposed exhibits and fact witnesses, which, Defendant contends, relate solely to Plaintiff's age discrimination claims that were previously dismissed. Defendant also moves this Court to declare admissible evidence of the closure Defendant's Tulsa plant in October 2020, as Defendant argues this closure is relevant to Plaintiff's damages. For the reasons set forth below, both of Defendant's Motions in Limine will be denied at this time, and the matter of the admissibility of the evidence at issue will be determined at trial.

## ANALYSIS

**I.    Standard of review; law applicable.**

"The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to the issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Management Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008) *aff'd,* 402 Fed.App'x 337 (10th Cir.

2010) (quotation and citation omitted).  In many instances, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context.  *Id.*  A court will generally not grant a motion *in limine* unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible on *all* potential grounds." *Tulsa Zoo Management, Inc. v. Peckham Guyton Albers & Viets, Inc.*, No. 17-CV-644, 2019 WL 1562147, at *1 (N.D. Okla. Mar. 5, 2019) (citation and quotation omitted).

**II.     Defendant's First Motion in Limine should be denied.**

    **A.     This Court will not exclude Plaintiff's Exhibits 20-27 and 29 at this time.**

Defendant moves to exclude from evidence Plaintiff's Exhibits 20 through 27, and 29 as set forth in the first proposed pretrial order.[1]  The document described these exhibits as follows:

    Ex. 20: Caleb Jette, Hire date 8/8/16

    Ex. 21: Siva Formal Request to Offer over $50,000 to hire Caleb Jette – 6/24/16

    Ex. 22: Performance reviews for Carol Bogatko (previously Van Schuyck) for 2015-2017

    Ex. 23: Performance review for Caleb Jette for 2017; 2018 mid-year review

    Ex. 24: Scott Herzog Performance Reviews

    Ex. 25: Caleb Jette resignation form and typed resignation and exit interview 2/2018

    Ex. 26: Carol Van Schoyck Hiring info 4/13/15 increase in salary

    Ex. 27: Dan Layton Annual Reviews for 2016, 2017, and 2018

    Ex. 29: Sheila Edmonds stating Triumph used hire date from Spirit as actual date of hire for Triumph so Don had tenure since May 2, 2024

Dkt. No. 75.

---

[1] The parties have been directed to confer and submit a new pretrial order by October 16, 2024. *See* Dkt. Nos. 104, 112.

Defendant describes these documents as consisting of "performance reviews of other Triumph employees, an offer of employment to another employee, Caleb Jette, whose sole purpose was to provide evidence of age discrimination, hiring and pay raise information of other employees, and the technical hire date of another employee." Dkt. No. 108 at 3. Defendant argues that these exhibits are only relevant to Plaintiff's age discrimination claim, and, because those claims have been dismissed, these exhibits should be excluded. *Id.* Plaintiff responds that the performance reviews relating to other employees constitute evidence of Defendant's retaliation against Plaintiff; the reviews, Plaintiff argues, demonstrate that other employees received more favorable reviews despite similar job performance. Dkt. No. 109 at 4-6. The other documents concerning the hiring and pay of Caleb Jette, Plaintiff argues, undermines Defendant's proffered reason for terminating Plaintiff's employment, i.e, the reduction in force. *Id.* at 6. Defendant, in its reply brief, argues that the exhibits are not relevant to the issues in this case because Plaintiff fails to consider the difference in position between Plaintiff and the other employees. Dkt. No. 113.

The Court is sufficiently persuaded by Plaintiff's arguments that it will not, at this time, exclude the exhibits in question from evidence. Plaintiff has set forth a plausible rationale for introduction of these exhibits to demonstrate disparate treatment and retaliation by Defendant. Defendant's reply brief argues, essentially, that Plaintiff misrepresents the probative force of these exhibits [Dkt. No. 113 at 2-3]; that may or may not be the case, but, ultimately, the probative force of the exhibits is for a jury to decide, not this Court. Having declined to exclude these exhibits *in*

*limine*, the Court does not, however, hold that these exhibits are admissible; instead, the Court reserves the issue of admissibility until the time of trial.[2]

### B. The Court will not exclude the five fact witnesses at issue.

Defendant also moves to exclude from evidence the testimony of five fact witnesses (Bogatko, Layton, Jette, Brachna, and Edmonds) whom, Defendant contends, were listed only as age comparators and are relevant only to Plaintiff's age discrimination claims. Dkt. No. 108 at 5-6. Defendant further argues that none of these five witnesses have any knowledge relevant to Plaintiff's claims. *Id.* Plaintiff has argued, in response, that these witnesses may be necessary to authenticate their performance reviews, which Plaintiff has listed as exhibits. Dkt. No. 109 at 6-7. Defendant, in its reply brief, represents that it has not objected to the performance reviews on the basis of authentication and, in fact, "would waive authenticity concerns" if the sole basis for calling these witnesses was for purposes of authenticating the exhibits in question. Dkt. No. 109 at 7.

If the parties can reach a stipulation as to the authenticity of the performance review documents, then they should do so, but that is not a matter that requires court involvement. Plaintiff has, at this time, offered a basis for the admission of these witnesses' testimony such that this Court will not categorically exclude these witnesses *in limine*. The Court reserves until time of trial the question of the ultimate admissibility of any testimony from the witnesses at issue.

---

[2] The Court will not revisit its summary judgment ruling on Plaintiff's age discrimination claim. The Court understands Defendant's concern that Plaintiff may attempt to turn his retaliation claim into an argument of age discrimination. However, the Court is confident that Plaintiff understands the Court's ruling and will not attempt to undermine it at trial.

**III.    The admissibility of evidence concerning closure of Defendant's Tulsa plant will be reserved for trial.**

Lastly, Defendant asks that this Court declare admissible testimony and evidence regarding the closure of Defendant's Tulsa plant in October of 2020; such evidence is admissible, Defendant contends, because it would serve to limit Plaintiff's potential economic damages. Dkt. No. 108 at 6-7. Plaintiff argues that Defendant should not be able to present any such evidence because Defendant did not alert Plaintiff of the plant closure until well after the close of discovery[3] [Dkt. No. 109 at 7]; defense counsel maintains that it did not learn of the plant closure until late in this litigation, and that Plaintiff was alerted as soon as counsel was aware of the closure. Dkt. No. 110 at 4-5. Plaintiff further argues that the evidence indicates that several of Defendant's employees were offered transfers to other positions and, as such, the closure of the plant does not foreclose Plaintiff's economic damages. Dkt. No. 109 at 8. Defendant counters that no employees similar to Plaintiff were offered transfers. Dkt. No. 113 at 4-5.

Defendant has demonstrated that the evidence regarding the Tulsa plant closure may be relevant, and this Court will not categorically exclude the proposed evidence at this time.[4] But Plaintiff may yet demonstrate that such evidence is either not relevant or otherwise inadmissible; as such, the Court will not declare this evidence admissible either. As with the other issues addressed in this Order, the Court finds that it would be inappropriate to rule on the admissibility of Defendant's proposed evidence *in limine*, and the question of admissibility will be reserved for trial.

---

[3] During the Pretrial Conference, held on September 25, 2024, the Parties agreed that Defendant would present a corporate representative for further deposition regarding the Tulsa plant closure.

[4] The Court intends to allow admission of evidence of the Tulsa plant closure. The impact of that closure may, or may not, impact Plaintiff's damages theory. The Court understands Plaintiff's position concerning the possibility of his transfer to another facility. The weight of these types of evidentiary matters will be left to jury.

Dated this 15th day of October 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE